# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         )
                                      )

    v.                      )    I.D. No. 2006001985
                                        )           2103014700

Jeremy Pentoney,          )           2203013481
                                      )

    Defendant.         )

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

Submitted: January 17, 2024
Decided: February 1, 2024

*Upon Consideration of Motion for Postconviction Relief,*
**DENIED.**

Lindsay Taylor, Esquire, Deputy Attorney General, Department of Justice, Dover, Delaware, *Attorney for the State of Delaware.*

Jeremy Pentoney, Sussex Correctional Institution, Georgetown, Delaware, *Pro Se*.

**CONNER, J.**

1)     This is the Court's decision on a *pro se* motion for postconviction relief pursuant to Superior Court Criminal Rule 61 filed by Defendant Jeremy Pentoney ("Mr. Pentoney").  Facing several charges and 47 years to life of incarceration, Mr. Pentoney entered into a plea agreement with the State.  On July 8, 2022, this Court sentenced Mr. Pentoney to 9 years of level V incarceration followed by various levels of supervision.  Subsequently, Mr. Pentoney sought a reduction of his sentence by filing a Superior Court Criminal Rule 35(b) "placeholder" motion, which this Court denied on September 27, 2022.  On September 28, 2023, Mr. Pentoney filed this motion for postconviction relief under Rule 61.

2)     Rule 61(m)(1) specifies that where a defendant does not file a direct appeal, "[a] judgment of conviction is final for the purpose of this rule … [i]f the defendant does not file a direct appeal, 30 days after the Superior Court imposes sentence...."[1]  Mr. Pentoney did not file a direct appeal.  Further, Mr. Pentoney's Rule 35(b) "placeholder" motion is not a direct appeal.  Therefore, Mr. Pentoney's judgment of conviction became final on August 7, 2022, 30 days after Superior Court imposed sentence.

3)     It is well established law that the Court will not address the substantive merits of a claim if a Criminal Rule 61 procedural bar exists.[2]  Rule 61(i)(1) states

---

[1]  Super. Ct. R. 61(m)(1).
[2]  *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

that, "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final.…"[3] Mr. Pentoney's motion for postconviction relief was filed on September 28, 2023, more than one year after August 7th, 2022, when his judgment of conviction became final. Therefore, Mr. Pentoney's motion for postconviction relief is untimely and procedurally barred.

4) Rule 61(i)(5) provides a reprieve to the procedural bars of Rule 61(i)(1)-(i)(4) if the petitioner's claim for postconviction relief challenges that the court lacked jurisdiction. Mr. Pentoney does not claim that the Superior Court lacked jurisdiction. Instead, Mr. Pentoney first contends his two privately retained counsel were ineffective because they did not adequately present his mental health as a mitigating factor. Mr. Pentoney secondly asserts that the State broke its agreement by recommending a 26-year sentence. Mr. Pentoney appears to believe that all parties agreed for him to serve six years. However, this is in direct contradiction of the language of the plea agreement, which states, "STATE AND DEFENDANT AGREE to recommend: No less than 6 years level 5 incarceration." The state was not bound to recommend only six years.

5) Rule 61(i)(5) also overrides the procedural bars of Rule 61(i)(1)-(i)(4) if the petitioner's motion satisfies the pleading requirements of Rule 61(d)(2)(i) or (2)(ii). However, to satisfy the pleading requirement of 61(d)(2) the movant must

---

[3] Super. Ct. R. 61(1)(1).

3

have been convicted after trial. Mr. Pentoney was not convicted after trial, he plead guilty, precluding him from using Rule 61(d)(2) as a reprieve from Rule 61's procedural bars.

After considering the filings and the law, Mr. Pentoney's Motion for Postconviction relief must be **DENIED.**

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

cc: Prothonotary